**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| US BANK, N.A., as Trustee, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-2758-RWS |
| JEANNE K. NASH and : | |
| JOHN A. NASH, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court for consideration of Plaintiff's Emergency Motion to Remand [2]. After considering the entire record, the Court enters the following Order.

**Background**

On or about February 2, 2010, Plaintiff foreclosed on the real property known as 3785 Riverside Causeway, Decatur, Georgia 30034 ("the "Property"). On August 20, 2010, Plaintiff filed a dispossessory warrant in the Magistrate Court of DeKalb County alleging that Defendants are tenants at sufferance after the property was sold in foreclosure. Defendants, proceeding *pro se*, removed the action to this Court. (See Notice of Removal [1].) On

AO 72A
(Rev.8/82)

September 30, 2010, Plaintiff moved to remand the action to the Magistrate Court of DeKalb County. Defendants filed no response to the Motion.

**Discussion**

Civil actions brought in the state courts may be removed if the action falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of a federal question pursuant to 28 U.S.C. § 1331, or diversity of citizenship pursuant to 28 U.S.C. § 1332. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). From the Petition for Removal, Defendant appears to assert that this Court has federal question jurisdiction over this action. (See Pl.'s Petition for Removal [1-1] at 2.) For the reasons that follow, the Court disagrees.

Federal courts have original jurisdiction over all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. In this case, Defendant appears to suggest in his Petition for Removal that this Court has federal question jurisdiction based on his assertion of a federal constitutional defense or counterclaim. Such a defense or counterclaim,

however, does not establish federal question jurisdiction. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002). The " 'well-pleaded complaint rule' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). If the plaintiff does not raise a federal question in his or her complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." Pan Am. Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 663, 81 S. Ct. 1303, 1307, 6 L. Ed. 2d 584 (1961). Similarly, a counterclaim, which appears in a defendant's answer, and not as part of the plaintiff's complaint, cannot support removal based upon federal question jurisdiction. Holmes Group, 535 U.S. at 831. Plaintiff's Complaint in this case does not present a federal question. Consequently, this Court does not have federal question jurisdiction over this action and removal on this basis is improper.

In sum, Defendants, as the removing party, bear the burden of establishing federal jurisdiction. They have failed to carry that burden. No federal question is present on the face of Plaintiff's Complaint, and the requirements for diversity jurisdiction are not satisfied. The Court therefore concludes that it lacks subject matter jurisdiction. Accordingly, Plaintiff's Motion for Remand is **GRANTED**.

## Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion to Remand [2] is **GRANTED**. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of Court for the Magistrate Court of DeKalb County, Georgia, such that this action may proceed in that forum.

**SO ORDERED**, this __1st__ day of November, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE